UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin L. Iriart, | ) | C/A No. 8:12-2673-SB-JDA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND |
| Commissioner of Social Security Administration, | ) ) | RECOMMENDATION |
| Defendant. | ) ) | |

The sole issue in this Report and Recommendation is whether Kevin L. Iriart, ("Plaintiff"), should be required to pay the filing fee, or whether Plaintiff's financial condition justifies waiver of such payment. Plaintiff has commenced this action pursuant to 42 U.S.C. §405(g) requesting review of the Commissioner of Social Security's decision denying Plaintiff's application for disability benefits.

I.      Procedural Background

Plaintiff filed an Application to Proceed without Prepaying Fees or Costs (Form AO-240), which has been construed as a Motion to Proceed *In forma Pauperis*. ECF No. 4. The motion indicates that Plaintiff receives a "short term pension until May 31, 2015" of "$560/month from State Farm," and "$9712/month payable until age 65" from a long term disability policy with Cigna Insurance. *Id.* at 1. Plaintiff's motion further states that he has one thousand dollars ($1,000) in cash, checking, or savings. *Id.* at 2.

An order, directing Plaintiff to explain why he could not pay the filing fee for this case, was issued on September 19, 2012. ECF No. 9. Plaintiff's Answer is as follows:

"Due to excessive medical bills from my disability and my normal monthly bills there is little if any money left at the end of the month." ECF No. 13.

II. Discussion

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). However, there are no clear precedents in the Fourth Circuit as to whether a magistrate judge has the authority to issue an order to deny an application to proceed *in forma pauperis*. The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). The *Woods* court ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623-25 (5th Cir. 2004). Therefore, the undersigned submits a Report and Recommendation to preserve Plaintiff's opportunity to obtain a *de novo* review by the district judge on objections.

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who ... would remain without legal remedy if such privilege were not afforded to them."

*Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D.Tex. 1976), the court enunciated three legal tests to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of his impecunity?
>
> (2) Is his access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

*Id.* at 943; *see also Abbot v. Commissioner of Social Security*, C/A No. 4:10-2253-JFA-TER, 2010 WL 4226151 at *1 (D.S.C. Sept. 17, 2010); *Schoenfeld v. Donaghue*, C.A. No. 4:07-617-RBH, 2007 WL 1302659 at *3 (D.S.C. May 2, 2007).

Plaintiff's motion lists substantial monthly payments. ECF No. 4 at 2. However, upon review of the information before the court, mindful of the tests set forth in *Carter*, it does not appear that Plaintiff would be rendered destitute by paying the filing fee of three hundred fifty dollars ($350.00) in this case. Nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts. *See Carter*, 452 F. Supp. at 942 (the plaintiff was not indigent because he had the right to collect a judgment of $5,486.76); *Ali v. Cuyler*, 547 F. Supp. 129 (E.D. Pa. 1982) (district court held that $450 in savings was sufficient to allow the plaintiff to pay the filing fee of $60.00 without foregoing basic human needs).

III. Conclusion

Accordingly, it is recommended that the District Judge deny Plaintiff's Motion to Proceed Without Prepaying Fees or Costs.

IT IS SO RECOMMENDED.

October 16, 2012                                           s/Jacquelyn D. Austin
Greenville, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).